AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 23 2018

MATTHEW J. DYKMAN
CLERK

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No. 18 mr 346 LF |
| 2.5 miles east of Mile Marker 20 (Indian Service Route 7030), New Mexico Highway 169, Alamo Navajo Indian Reservation, NM 87825 | ) ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein.

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. § 113(a)(3), | Assault with a dangerous weapon |
| Title 18 U.S.C. § 924(c) | Using and carrying a firearm during and relation to a crime of violence |
| Title 18 U.S.C. § 922(g)(1) | Possession of a firearm by a prohibited person, convicted felon |

The application is based on these facts:

See Affidavit, attached heeto and incoroporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Dibiassi Robinson, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/23/2018

_____
*Judge's signature*

City and state: Albuquerque, New Mexico

LAURA FASHING, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT;
### 2.5 miles east of Mile Marker 20 (Indian Service Route 7030), New Mexico Highway 169, Alamo Navajo Indian Reservation, NM 87825

I, Dibiassi Robinson, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and has been employed by the FBI since August 2016. I am a Graduate of the FBI's New Agents Course and have previously served in local law enforcement in Richmond, Virginia and Colorado Springs, Colorado where I investigated narcotics violations, conspiracies and violent crimes including aggravated assaults and homicides. I am currently assigned as a Special Agent, Violent Crimes Squad, at the FBI Albuquerque Field Office, where I investigate violations of the United States Code, including violent crimes, such as, Hobbs Act violations, bank robberies, controlled substance violations, conspiracies, sexual assaults, assaults resulting in serious bodily injury and homicides. I have attended multiple trainings focused on Indian Country Crimes, sexual assaults, aggravated assault and homicides. I am a current and active member of the Albuquerque FBI Special Weapon and Tactics (SWAT) Team.

2. I submit this application and affidavit in support of a search warrant authorizing a search of the residence located 2.5 miles east of Mile Marker 20 (Indian Service Route 7030), New Mexico Highway 169, Alamo Navajo Indian Reservation, Alamo, New Mexico 87825 (hereinafter referred to as SUBJECT PREMISES) as described in Attachments A, incorporated herein by reference. Based on information obtained during the investigation, my training and experience and facts set forth in this affidavit, there is probable cause to search the SUBJECT PREMISES in Attachment A for evidence and instrumentalities of violation Title 18 U.S.C. § 1153(a) Offenses committed within Indian Country, Title 18 U.S.C. § 1201(a) Kidnapping, Title 18 U.S.C. § 113(a)(3), Assault with a dangerous weapon, Title 18 U.S.C. § 924(c) Using and carrying a firearm during and relation to a crime of violence and Title 18 U.S.C. § 922(g)(1) Possession of a firearm by a prohibited person, convicted felon, further described in Attachment B. I request authority to search the entire SUBJECT PREMISES, including the main residential dwelling, any storage facilities, sheds, outbuilding, mobile homes and RV trailer located on and within the curtilage of the SUBJECT PREMISES where items specified in Attachment B may be

found, and to seize all items listed in Attachment B as contraband, instrumentalities, fruits and evidence of the crime.

3. This affidavit is based primarily upon information received from eye-witness accounts, other law enforcement agencies and other investigative methods; and my training, experience and background as a Special Agent with the FBI. Since this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause for the requested search warrant.

## STATUTORY AUTHORITY

4. As stated, this investigation concerns an alleged violation of Title 18 U.S.C. § 1153(a) Offenses committed within Indian Country, Title 18 U.S.C. § 1201(a) Kidnapping, Title 18 U.S.C. § 113(a)(3), Assault with a dangerous weapon, Title 18 U.S.C. § 924(c) Using and carrying a firearm during and relation to a crime of violence and Title 18 U.S.C. § 922(g)(1) Possession of a firearm by a prohibited person, convicted felon.
   a. Title 18 U.S.C. § 1153(a): "Any Indian who commits against the person …kidnapping…a felony assault…within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."
   b. Title 18 U.S.C. § 1201(a) prohibits "Whoever unlawfully seizes, confines…kidnaps…"
   c. Title 18 U.S.C. § 113(a)(3) prohibits "Assault with a dangerous weapon, with intent to do bodily harm…"
   d. Title 18 U.S.C. § 924(c) prohibits a person from using and discharging a firearm during and in relation to a crime of violence
   e. Title 18 U.S.C. § 922(g)(1) "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

## BACKGROUND OF THE INVESTIGATION

5. On April 22, 2018, at approximately 9:50 p.m. I received a telephone call from my supervisor indicating there was a barricaded subject and hostage situation on the Alamo Navajo Indian Reservation. Upon arrival, I made contact with a Navajo Police Department (NPD) Officer who informed GANADONEGRO was inside an RV trailer located on the property, (New Mexico Highway 169, 2.5 miles east of Mile Marker 20) and refused to come out. GANADONEGRO had fired multiple shots at two separate family members and held one family member against her will. The officer informed that the family confirmed all other family members were accounted for and GANADONEGRO was alone inside the RV trailer.

6. The NPD officer indicated that shortly after they arrived at the location GANADONEGRO appeared on the front porch of another residence on the property near the RV trailer. GANADONEGRO was observed holding a handgun to his own head. Shortly afterwards, GANADONEGRO disappeared inside the main residence.

7. I then spoke with R.S. year of birth 1990 (hereinafter referred to as Jane Doe), who indicated she was held at gunpoint against her will by GANADONEGRO and feared for her safety if she did not comply. GANADONEGRO forced Jane Doe inside his RV trailer and made her lock the door. GANADONEGRO explained to Jane Doe he wanted to commit suicide because of relationship and family trust issues.

8. Jane Doe indicated GANADONEGRO cocked and attempted to fire the revolver handgun several times until it finally fired. The projectile narrowly missed Jane Doe. GANADONEGRO then ordered Jane Doe from the RV trailer and forced her at gunpoint to the main residence. Once inside the main residence GANADONEGRO ordered Jane Doe to locate the telephone. While Jane Doe attempted to locate the telephone, GANADONEGRO was distracted and preoccupied with the law enforcement presence outside the main residence. Jane Doe capitalized on the opportunity and was able to escape the main residence through the back door to safety.

9. Family members indicated Ganadonegro resides in an RV trailer located in the northeast corner of the SUBJECT PREMISES curtilage, adjacent to an arroyo. Ganadonegro has full access and privileges to the SUBJECT PREMISES.

10. Ganadonegro was observed by family members in possession of a .22 caliber revolver handgun in an RV trailer located within the curtilage of the SUBJECT PREMISES. Ganadonegro was also observed by family member in possession of a .22 caliber revolver handgun in to SUBJECT PREMISES. Law enforcement officers observed Ganadonegro in possession of a handgun on the porch of SUBJECT PREMISES. Based on my training and experience, I know that no guns are manufactured in New Mexico, and any gun in GANADONEGRO's possession would have had to travel in interstate or foreign commerce to be in New Mexico.

11. The above described incident occurred within the exterior boundaries of the Alamo Navajo Indian Reservation, Socorro County, New Mexico. Alamo Navajo Indian Reservation is considered Indian Country as defined by Title 18 U.S.C. § 1151.

12. In 2015, GANADONEGRO was convicted of Attempted Murder in the First Degree by the State of New Mexico. GANADONEGRO was sentenced to a term of incarceration in excess of one year.

13. Based on my training and experience as a law enforcement professional, individuals who commit kidnapping, assaults with deadly weapons or possess firearms as a prohibited person;

14. They often produce written accounts of the events leading up to and following the incidents as a mean of coping with the incidents, as a personal manifesto or as a lasting testament to friends and family.

## CONCLUSION

15. Based on the above described facts, there is probable cause to believe that contraband, property, evidence and instrumentalities of Title 18 U.S.C. § 1201(a) Kidnapping, Title 18 U.S.C. § 113(a)(3), Assault with a dangerous weapon, Title 18 U.S.C. § 924(c) Using and

carrying a firearm during and relation to a crime of violence and Title 18 U.S.C. § 922(g)(1) Possession of a firearm by a prohibited person, convicted felon, more fully described in Attachment B of this Affidavit, are located in and around the SUBJECT PREMISES, described in Attachment A. Therefore, I respectfully request this court issue a search warrant for the SUBJECT PREMISES, authorizing the search and seizure of the items described in Attachment B.

16. I swear this information is true and correct to best of my knowledge.

Respectfully submitted,

Dibiassi Robinson
FBI Special Agent

Subscribed and sworn to before me
on April 23, 2018:

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

## Attachment A

## Property to Be Searched

The compound consist of a single family conventional residence, a single family mobile home, an RV trailer and several outbuildings and sheds. All residences of the compound have a full access and privileges to all structure within the compound. The compound is enclosed by a fence on three sides and an arroyo on one side. The fence is secured by a metal gate. The property is located approximately 2.5 east of NM HWY 169 at Mile Marker 20, the area known as Secatero Camp.



## ATTACHMENT B

### Particular Things to Be Seized

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18 U.S.C. § 1153(a) Offenses committed within Indian Country, Title 18 U.S.C. § 1201(a) Kidnapping, Title 18 U.S.C. § 113(a)(3), Assault with a dangerous weapon, Title 18 U.S.C. § 924(c) Using and carrying a firearm during and relation to a crime of violence and Title 18 U.S.C. § 922(g)(1) Possession of a firearm by a prohibited person, convicted felon.

1. Any and all firearms and ammunition;
2. Indicia of Roy Ganadonegro to include, receipts, bills, court documents or any other documents;
3. Any writings deemed to be a suicide note or last communications;